## MAGLINCHEY v. SOUTHERN PAC. CO.

### S. F. No. 295; May 8, 1896.

#### 44 .Pac. 1021.

**Carrier—Minor Running Between Cars to Board Train.**—In an action against a railroad company for injuries received by a boy seventeen years old, while attempting to pass between the cars of a freight train to reach a passenger train which he intended taking, an instruction that no recovery could be had if the boy possessed mental capacity to realize the danger to which he was subjecting himself, because the law is that one going into a place of danger assumes the risk, without any restriction as to the qualified measure of care and caution required of one not of full age, was not objectionable, where such qualifications were repeatedly given, and specifically applied in other instructions.

APPEAL from Superior Court, City and County of San Francisco; A. A. Sanderson, Judge.

Action by William Maglinchey, an infant, by his guardian ad litem, Henry Maglinchey, against the Southern Pacific

Company.    There was a judgment for defendant and from an order denying a new trial plaintiff appeals.    Affirmed.

E. A. Holman and E. H. Shaw for appellant; W. H. L. Barnes for respondent.

HAYNES, C.—Action to recover for personal injuries. The defendant had judgment, and the plaintiff appeals from an order denying his motion for a new trial. The injury occurred September 30, 1894, and the plaintiff was seventeen years of age in the May preceding. He resided with his father in Berkeley, and came to the West Berkeley station, situate at the corner of Third and Delaware streets, to take the local train to San Francisco. He arrived too late for the train he intended to take, and left the station, and went to watch some boys playing marbles, and when he returned to take the next passenger train, and when he was on the opposite side of the street, a freight train came between him and the passenger train, and blocked Delaware street, as he testified; that he waited four or five minutes, and was afraid he would be left, and undertook to cross between two freight cars on the bumpers, when, without notice by bell or whistle or any warning, the freight train started, and his foot was caught between the bumpers, and injured.

The only error specified by appellant is that the court erred in giving to the jury the following instruction: "And further, in this same line of instruction, I say to you that if you find that he was old enough to know what he was doing at this time; that he was old enough to realize, and had mental capacity enough to realize, that he was going into a dangerous place; that he understood the danger that would be likely to occur to him in climbing across this freight car to reach the passenger train, and chose to take the chances of being injured in his endeavor to get over that freight-car—then he cannot recover, because the law in this case assumes that if a man or a youth voluntarily goes into a place of danger, having knowledge and reasoning capacity sufficient to enable him to determine whether it is or is not dangerous, he cannot recover, because the theory on which this action is predicated is that there has been some breach of duty on the part of the railway company, and that the boy in this case himself was free from negligence."

Several instructions requested by plaintiff, stating with great fullness and particularity the qualifications of the general rule as to due care and caution when applied to one not of full age, had been given by the court, the effect of which, appellant claims, was nullified by the instruction excepted to which was last given. A few passages from these instructions may be quoted: "You cannot measure the act of an infant by the standard applied to an adult person of ordinary prudence. . . . . The degree of care exercised by an infant does not require the judgment and thoughtfulness that would be expected of an adult. In judging of the conduct of a boy of the years of this plaintiff, it is expected there should be found impulsiveness, indiscretion and disregard of danger, and his capacity is measured accordingly. A boy may have all the knowledge of an adult respecting the dangers which would attend a particular act, but, at the same time, he may not have the prudence, thoughtfulness and discretion to avoid them which are possessed by ordinarily prudent persons of mature years. Hence the rule that the child is not guilty of negligence if he exercises that degree of care which, under like circumstances, a person of his age and capacity would exercise. Whether the plaintiff exercised such a degree of care is for you to decide." These qualifications were reiterated in varying language and form of expression in almost every instruction given. The instruction complained of, though not as full and clear as several of the preceding ones, was not inconsistent with them; and the jury cannot be presumed to have forgotten or disregarded them. The proposition is not controverted that the degree of care and prudence to avoid danger, when applied to children, is that which may reasonably be expected of children of like age, experience and capacity; but as childhood precedes maturity, and grows into it, the standard by which due care is measured also changes, and each year becomes less marked, until it becomes merged in that by which the care and prudence of men are measured, such change being accelerated or retarded by natural or acquired capacity. These things are so familiar to all men, not only from observation but from individual experience, that it is incredible that the repeated and explicit instructions of the court upon that subject should have been forgotten or overlooked. In the instruction immediately preceding the one excepted to, the court said: "Now, taking this case which is about to be submitted

to you, it is for you to say, having seen this young man, this young lad of some eighteen years of age, and noticed his demeanor upon the stand, whether or not he, under the circumstances of this case, exercised such care as could reasonably be expected of a boy of his age.'' The alleged conflict consists solely of the omission to repeat again the oft-repeated qualification above quoted, and not in the statement of some inconsistent proposition which might have misled the jury. The order appealed from should be affirmed.

We concur: Britt, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed.